## ALLEN *vs.* ALLEN.

A bill by a husband against his wife made the following case : On March 24, 1871, the former executed to the latter a deed to certain land, the consideration being his release from a debt due to her for money received in 1862.  Subsequently, the husband being insolvent, creditors levied on the property and sold it as belonging to the husband.  In order to save a part of the land the wife surrendered her claim to a portion, and took a deed from the creditors to five hundred acres for her sole and separate use for life, etc.  There was no allegation that this conveyance did not express the intent of the makers, nor that anything was omitted therefrom by fraud, accident, or mistake.  The makers were not made parties to the bill.  The object of the litigation was to have the first deed set aside, and the second reformed so as to give the husband an interest in the land conveyed by it :

*Held*, that a demurrer thereto should have been sustained.

Equity. ' Before Judge SIMMONS.    Houston Superior Court.    May Term, 1879.

Reported in the decision.

DAVIS & RILEY, for plaintiff in error.

W. S. WALLACE ; DUNCAN & MILLER, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, with a prayer that a certain deed alleged to have been made by him to the defendant, should be canceled, and that another deed made by J. W. Lathrop & Co. to the defendant, might be reformed so as to vest the title to five hundred acres of land in the complainant, or that a trustee be appointed to take charge of said land and manage and control the same for the benefit of himself and defendant and their children, and also a general prayer for relief.

At the first term of the court the defendant filed a demurrer to the complainant's bill for want of equity, which

was heard at the trial term, and overruled.   The cause then proceeded to trial, and the jury, under the charge of the court, found the following verdict : "We, the jury, find for the plaintiff four hundred dollars, with an annuity of one hundred and forty dollars during his natural life." A motion was made for a new trial on the various grounds of error alleged therein, one of which was the overruling the defendant's demurrer to complainant's bill.  The motion for a new trial was overruled upon all the grounds of error alleged therein, and the defendant excepted.

It appears from the exhibits attached to complainant's bill, that on the 24th day of March, 1871, the complainant executed a deed to the defendant by which he conveyed to her twelve hundred and fourteen acres of land, in which deed it is recited, " that whereas the said Wm. D. Allen is indebted to his said wife, the said Susan W. Allen, in the sum of ninety-eight hundred dollars, besides interest thereon since 1862—said amount of money the said Wm. D. Allen acknowledges the receipt by and through his said wife, the said Susan W. Allen :  Now, in consideration of the full and complete release of the said Wm. D. Allen and his estate by the said Susan W. Allen of said sum of money, which release is by the acceptance of this deed of conveyance, etc."   In December, 1873, J. W. Lathrop & Co. executed a deed to the defendant, Susan W. Allen, by which they conveyed to her five hundred acres of land (the same being part of the land conveyed in the deed from complainant) in consideration of the sum of five hundred dollars to the said J. W. Lathrop & Co. in hand paid by the said Susan W. Allen, for herself and children, etc.   In this deed the five hundred acres of land is conveyed to the defendant for life, for her sole and separate use, to be enjoyed without let or hindrance from her present or any future husband. The prayer of complainant's bill is to have the first deed made by him to defendant canceled, and the second deed reformed so as to have some provision made for his own support out of the land, on the ground, as he alleges, that

the defendant made an agreement with him to that effect, and now fraudulently refuses to execute that agreement. There is no allegation in the complainant's bill that the deed from Lathrop & Co. was not written just as the parties to it intended it should be written ; there is no allegation that anything was left out of that deed by fraud, accident, or mistake ; and besides, Lathrop & Co., the makers of the deed sought to be reformed, were not made parties to the complainant's bill. What equity does the complainant's bill exhibit which entitles him to any relief out of the separate estate of his wife, the defendant? One ground of equity alleged is that the money he received from his wife in March, 1862, $9,800.06, was Confederate money, and that he lost it without any fault of his, but does not state how he lost it, and it is a part of the public history of the country of which the courts will take judicial notice, that the purchasing power of Confederate money in March, 1862, was not so very greatly below that of specie. The complainant had conveyed all his property, including the Sitoa mills, to his creditors, in payment of his own debts, except the 1,214 acres of land conveyed to his wife in payment of a debt due to her, and still he was involved in debt, and the 1,214 acres of land which he had conveyed to his wife in payment of his indebtedness to her was levied on and sold as his property and purchased by Lathrop & Co., and the defendant had to yield up 714 acres of her own land in order to retain the balance of the 500 acres in which the complainant now claims an interest. What did he pay for the 500 acres, either in money or property, that gave him an equitable interest in it? If, as he alleges, he did contract with his wife for the sale of her separate estate in the land, such a contract was not valid and binding upon her. Code, §1785 ; *Chappell vs. Boyd*, 61 *Ga.*, 662. In our judgment, the demurrer to the complainant's bill should have been sustained, and the court below erred in overruling it.

Let the judgment of the court below be reversed.